IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| SAMUEL NAVARRO MOLINA, | § § | |
| Plaintiff, | § § | Civil Action No.: 3:19-cv-00031 |
| | § § | |
| v. | § § § | |
| | § | |
| SIERRA EXPRESS, INC and BILLY RAY PATTERSON. | § § § | JURY REQUESTED |
| Defendants. | § § | |

## COMPLAINT

Plaintiff, SAMUEL NAVARRO MOLINA, by and through his counsel, and for his complaint against DEFENDANTS, alleges as follows:

### I.
### PARTIES

1. Plaintiff SAMUEL NAVARRO MOLINA is and was a resident and citizen of the state of Texas and El Paso County at all times relevant to this action.

2. DEFENDANT, SIERRA EXPRESS, INC. ("SIERRA") is a Corporation organized and/or existing under the laws of Georgia, and who at all times material and relevant hereto was engaged in business in Texas. The sole member of the Corporation is CHARLES BURGER, who is a citizen of the state of Georgia.

3. Defendant SIERRA was the owner of the vehicle involved in the collision made the basis of this lawsuit while operating in the State of Texas, specifically in the Western District. This action arises from the subject collision. SIERRA may be served with process according to the Texas Long-Arm Statute by serving the Texas Secretary of State, Service of Process Division,

P.O. Box 12079, Austin, TX 78711, who can in turn serve Defendant SIERRA through its registered agent, Charles Burger, 919 Bee Parsons Rd, Chatsworth, Georgia, 30705.

4.     DEFENDANT, BILLY RAY PATTERSON ("PATTERSON") is an individual who was and is a resident and citizen of the state of Georgia at all times relevant to this action. Defendant PATTERSON was the driver of the vehicle involved in a collision made the basis of this lawsuit while operating in the State of Texas, specifically in the Western District. At all times relevant to this action, PATTERSON was in the course and scope of his employment with SIERRA. This action arises from the subject collision. PATTERSON may be served with process according to Tex. Civ. Prac. & Rem. Code §17.062 by serving the Chairman of the Texas Transportation Commission, 125 E. 11th Street, Austin, TX 78701, who can in turn serve PATTERSON at his last known address, 4357 Keith Valley Rd, Cohutta, Georgia, 30710.

## II.
## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action as this is a civil action pursuant to 28 U.S.C. §1332, in that it is a civil action between the Plaintiff who is a Texas citizen, and Defendants who are all citizens of, incorporated in, and/or have their principal place of business in, a state other than Texas, specifically Georgia, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

6.     Venue is proper within the United States District Court for the Western District of Texas, El Paso Division pursuant to 28 U.S.C. §1391 because a substantial part of the events and/or omissions giving rise to the claim occurred within United Sates District Court for the Western District of Texas. Further, Plaintiff SAMUEL NAVARRO MOLINA resides in El Paso County.

## III.
## FACTUAL BACKGROUND

7. On January 17, 2018, PATTERSON was driving through Odessa, Texas. He was driving a tractor-trailer rig owned by SIERRA.

8. PATTERSON was proceeding west on IH - 20. In front of PATTERSON and also headed west was Plaintiff, SAMUEL NAVARRO, who was also operating a tractor-trailer rig. SAMUEL NAVARRO slowed his vehicle as traffic began to back up. PATTERSON failed to control his speed and collided with SAMUEL NAVARRO's vehicle causing significant damages. PATTERSON was issued a citation (#3359847) by Trooper Jaime Aguirre, Jr. with the Texas Department of Public Safety.

9. PATTERSON failed to control his speed and make a complete stop. Defendant PATTERSON was in the course and scope of his employment with Defendant SIERRA at the time of the subject collision.

## IV.
## CAUSES OF ACTION

### COUNT I
### NEGLIGENCE
### (Against PATTERSON)

10. Plaintiff incorporates by reference each and every prior paragraph of this Complaint as though set forth in full in this cause of action.

11. Defendant PATTERSON had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. Plaintiff's injuries were proximately caused by Defendant PATTERSON's negligent, careless, and reckless disregard of said duty.

12. Plaintiff states that the Defendant PATTERSON was guilty of various acts of

negligence and that each of the acts of negligence was a proximate cause of the collision and damages sustained by Plaintiff. Defendant PATTERSON had a duty to exercise ordinary care and operate his vehicle reasonably and prudently at the time of the collision in question. Defendant PATTERSON breached that duty by failing to timely and properly control speed and apply his brakes.

13. Each of these acts and/or omissions whether taken singularly or in any combination constitute negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and will continue to suffer in the future, if not for the remainder of his natural life.

14. Plaintiff further alleges that at all times mentioned herein and pertinent hereto that PATTERSON was operating a vehicle owned, operated and under the control of Defendant SIERRA with their full consent, permission and knowledge.

**COUNT II**
**NEGLIGENCE**
**(Against SIERRA)**

15. All factual allegations set forth hereinabove are adopted into this count as though set forth herein word for word.

16. Defendant PATTERSON is an individual who, at the time of the events made the basis of this lawsuit, was an employee acting in the course and scope of his employment at SIERRA. As such, SIERRA is vicariously liable for the negligent actions of its employee, PATTERSON.

### COUNT III
### PLAINTIFF SAMUEL NAVARRO'S DAMAGES
### (As to All DEFENDANTS)

17. Plaintiff incorporates by reference each and every prior paragraph of this Complaint as though set forth in full herein.

18. As a direct and proximate result of the negligence of Defendants, Plaintiff suffered significant bodily injuries. The injuries are permanent in nature. The injuries have had a serious effect on Plaintiff's health and well-being.

19. Some of the effects are permanent and will abide with Plaintiff for a long time into the future, if not for his entire life. As a further result of the nature and consequences of his injuries, Plaintiff suffered great physical and mental pain, suffering and mental anguish, and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

20. Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff SAMUEL NAVARRO suffered the following damages:

   a. Reasonable medical care and expenses in the past and which will, in all reasonable probability, be incurred into the future;

   b. Physical pain and suffering in the past and which will, in all reasonable probability, be suffered into the future;

   c. Physical impairment in the past and which will, in all reasonable probability, be suffered into the future;

   d. Loss of earnings and earning capacity in the past and in reasonable probability into the future;

   e. Mental anguish in the past and which will, in all reasonable probability, be suffered into the future;

   f. Disfigurement in the past and which will, in all reasonable probability, be suffered into the future;

## V.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

21.     Plaintiff hereby incorporates each of the foregoing paragraphs as if set forth in full in this section. Plaintiff seeks prejudgment and post judgment interest at the maximum legal rate.

## VI.
## JURY DEMAND

22.     Plaintiff demands a trial by jury on all issues of fact and damages in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

23.     As to all Counts and all DEFENDANTS, economic and non-economic damages to the Plaintiff according to proof including as applicable:

   a.   Medical care expenses of Plaintiff according to proof in the past and in reasonable probability will be incurred into the future;

   b.   Past and future loss of earnings and earning capacity of Plaintiff according to proof in the past and in reasonable probability will be sustained into the future;

   c.   Loss of household services in the past and in all probability to be incurred into the future;

   d.   Non-economic damages for Plaintiff according to proof including as applicable:

   e.   Compensation for physical pain in the past and in reasonable probability will be sustained into the future;

   f.   Compensation for mental anguish in the past and in reasonable probability will be sustained into the future;

   g.   Compensation for disfigurement in the past and in reasonable probability will be sustained into the future;

   h.   Compensation for physical impairment in the past and in reasonable probability will be sustained into the future;

   i.   As to all Counts and all DEFENDANTS, awarding pre-judgment and post-judgment interest to the Plaintiff according to proof;

j. As to all Counts and all DEFENDANTS, awarding reasonable costs to the Plaintiff as provided by law; and

k. As to all Counts and all DEFENDANTS, granting all such other relief as the Court deems necessary, just and proper.

Respectfully submitted,

Andrew Rubenstein
Attorney in Charge
Texas Bar No. 17360375
D. Miller & Associates, PLLC
2610 W. Sam Houston Parkway, Suite 200
Houston, Texas 77042
Telephone: 713-850-8600
Facsimile: 713-366-3463
andy@dmillerlaw.com

By: _____

**ATTORNEY IN CHARGE FOR PLAINTIFF**